UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES SLACK,

        Petitioner,

           v.                       CAUSE NO. 3:21-CV-563-DRL-MGG

WARDEN,

        Respondent.

## OPINION AND ORDER

James Slack, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-9-337) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117. Following a hearing, he was sanctioned with a loss of one year of good time credit and two demotions in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Slack argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence for a finding of guilt. He states that he did not know that Sergeant Hensley had grabbed his handcuffs when he injured her and did not intend to harm Sergeant Hensley.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long

as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines Offense 117 as "committing battery against a staff person, volunteer, independent contractor, or visitor."[1] Though departmental policy does not further define "battery," this term is generally defined as "[t]he nonconsensual touching of, or use of force against, the body of another with the intent to cause harmful or offensive contact." Black's Law Dictionary (11th ed. 2019). The administrative record includes a conduct report in which Sergeant Hensley and other officers escorted Mr. Slack to his new cell. ECF 1-1 at 2. According to the conduct report, Mr. Slack resisted both passively and actively and caused Sergeant Hensley to fall as she escorted him to his new cell. When they approached the door to his new cell, Mr. Slack became "fully resistive again, dragging his feet, and pulling away doing everything he could to not go into [his cell]." As Sergeant Hensley closed the cell door, she held his arms and handcuffs through the cuff port, and Mr. Slack pulled away, causing injuries to Sergeant Hensley's hands.

In sum, the conduct report indicates that Mr. Slack used force against the officers by actively resisting the escort, caused harmful contact on least one occasion during the escort when he made Sergeant Hensley fall, and continued this active resistance as she placed him in the cell. The hearing officer could reasonably infer that Mr. Slack intended

---

[1] Indiana Department of Correction, Adult Disciplinary Process, Appendix I: Offenses (eff. Mar. 1, 2020), available at https://www.in.gov/idoc/files/ADP-Attachment-I-Offenses-3-1-2020.pdf.

to harm Sergeant Hensley given his behavior immediately before the injury to her hand. Consequently, the conduct report constitutes some evidence that Mr. Slack intended to harm Sergeant Hensley and committed the offense of battering staff. While Mr. Slack represents that he did not intend to harm Sergeant Hensley, it is unclear whether he conveyed this information to the hearing officer, and, even if he had, the hearing officer was not required to credit Mr. Slack's testimony. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Mr. Slack argues that he is entitled to habeas relief because his lay advocate also served as a member of the disciplinary hearing board. Generally, state prisoners must exhaust state court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Mr. Slack concedes that he did not raise this claim on administrative appeal. ECF 1 at 3. Because it is procedurally defaulted, this claim is not a basis for habeas relief.

In sum, Mr. Slack has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Mr. Slack wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES James Slack leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

August 11, 2021                                         *s/ Damon R. Leichty*
                                                       Judge, United States District Court